## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00761-PAB-BNB

**GARY CRIST,**

        Plaintiff,

v.

**MESA DEVELOPMENTAL SERVICES,**

        Defendant.

_____

## STIPULATED PROTECTIVE ORDER
_____

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion and finds it meritorious and acceptable. Therefore, IT IS ORDERED:

    1. **DEFINITIONS**

    (a)    "Confidential Information" means and includes any information, testimony, document or thing that contains confidential or proprietary information of Mesa Developmental Services and its clients, including, but not limited to, medical records or other "protected health information" within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations; information about MDS's clients; personnel records; and financial information, that was not previously available to Crist and will be produced by either party

1

        in this action. Confidential information may include, without limitation, documents produced pursuant to Fed.R.Civ.P. 26; testimony adduced at depositions upon oral examination pursuant to Fed.R.Civ.P. 30; written responses to interrogatories pursuant to Fed.R.Civ.P. 33; documents produced pursuant to Fed.R.Civ.P. 34, and/or answers to requests for admission pursuant to Fed.R.Civ.P. 36; and testimony, documents and things provided pursuant to Fed.R.Civ.P. 45. Confidential information also may include confidential information owned by a third party, so long as such information otherwise qualifies as Confidential Information hereunder.

(b)    "Providing Party" means any party to this action or any third party, expert or consultant who produces or provides any information, testimony, document or thing pursuant to formal or informal discovery in this action.

(c)    "Receiving Party" means any party to this action or any third party, expert or consultant who produces or provides any information, testimony, document or thing pursuant to formal or informal discovery in this action.

2.    **DESIGNATION OF CONFIDENTIAL INFORMATION**

(a)    Documents and things. Each Providing Party shall label, mark or otherwise identify, in writing, documents and things that either party considers in good faith to contain Confidential Information or to be otherwise entitled to protection under Fed.R.Civ.P. 26(c), or other applicable law, with the legend **"*Confidential.*"**

(b) Depositions.  During and after depositions upon oral examination, if either party believes that a question or answer of any deponent (whether party, third-party, expert or otherwise) constitutes Confidential Information, the party shall request that the specific pages that include such Confidential Information be included in a separate sealed portion of the transcript.  The reporter shall include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  When testimony designated as Confidential Information is being given during a deposition, all persons except those who are entitled to receive such Confidential Information under the terms of this Order shall be excluded from the deposition room.

(c) Inadvertent failure to designate.  Any Providing Party who inadvertently fails to designate any information, testimony, document or thing as Confidential Information may correct such failure by giving written notice of the same to the Receiving Parties.  Upon such written notification, the corrected materials shall only be deemed Confidential Information prospectively.  Substitute copies of the corrected information, testimony, document or thing, appropriately marked **"*Confidential*,"** shall be given to all Receiving Parties as soon as they become available. Within ten (10) days of receipt of the substitute copies, the Receiving Parties shall return the previously unmarked items to the Providing Party.

3. **DESIGNATED MATERIALS PRESUMED CONFIDENTIAL.** All information, testimony, documents and things designated by a Providing Party as Confidential Information shall be treated in all respects as though it in fact constitutes or contains confidential information, unless and until the Court rules otherwise or the Providing Party agrees otherwise.

4. **RESTRICTIONS ON DISCLOSURE AND ACCESS.**

(a) Except as provided below, all Receiving Parties with respect to any particular Confidential Information shall take reasonable steps to ensure that no persons obtain such Confidential Information and that no persons have access to such Confidential Information, except:

(i) Employees of the Receiving Party who have a specific need to know the Confidential Information in order to conduct this action;

(ii) The attorneys of record for the Receiving Party, and all other attorneys and support personnel in the law firms of record in this action who must have access to the Confidential Information in connection with this action;

(iii) The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

(iv) Court reporters employed by any party in this action; and

(v) Independent experts, consultants or translators for the parties, including their support personnel, whose advice and consultation

            are being used or will be used by such Receiving Party in connection with this action.

(b)     In addition to the above, a Receiving Party may disclose Confidential Information to a non-party if the non-party is referred to or referenced in the Confidential Information, or counsel in good faith believes the non-party is referred to or referenced in the Confidential Information, or counsel in good faith believes the non-party may have knowledge of relevant facts, or of facts that may lead to the discovery of admissible evidence, relating to the Confidential Information, or if the non-party will be a witness at trial in this matter and disclosure of Confidential Information is necessary for preparation and completeness of that person's testimony.

(c)     A party, or their counsel, as applicable, disclosing or allowing access to Confidential Information under this paragraph shall advise the person receiving such Confidential Information (other than the persons identified in Paragraph 4(a)(iii)) of the terms of this Protective Order.  Before disclosing any Confidential Information to any person identified in Paragraph 4(a)(i), (ii), (iv) or (v), or Paragraph 4(b), counsel for the party disclosing or allowing access to such Confidential Information shall, in addition to advising the person receiving such Confidential Information of the terms of this Protective Order, provide the person with a copy of this Protective Order and shall obtain the person's written acknowledgment, in

        the form attached hereto as Exhibit A, to abide by the terms of this Protective Order.

    (d)    This Protective Order shall not be deemed to limit or restrict any Providing Party's disclosure or use of its own Confidential Information.

5.    **RESTRICTIONS ON USE.**  The parties have stipulated that every person who obtains Confidential Information is prohibited from using or disclosing Confidential Information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

6.    **RETURN OR DESTRUCTION OF CONFIDENTIAL INFORMATION AT CONCLUSION OF LITIGATION.**  The parties agree and stipulate that they will either return to the Providing Party or destroy any and all Confidential Information upon the conclusion of this litigation, including any paper or electronic copies of such documents.

7.    **OBJECTIONS PRESERVED.**  Nothing in this Protective Order shall require the disclosure of information, testimony, documents or things that are otherwise not subject to discovery, are privileged or constitute attorney work product.  Nothing in this Protective Order shall prejudice any objections that any party might have regarding the production of any information, testimony, documents or things.  Nothing in this Protective Order shall be construed as an agreement that any Confidential Information shall be excluded from evidence in this action.

8.    **MECHANISM FOR CHALLENGING DESIGNATION.**  Any party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify

the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.  In addition, any party, and any third party with a legally cognizable interest in this Protective Order, may apply to the Court at any time for a modification of this Protective Order for good cause shown.  Any person may move the Court for additional protective orders with respect to any information, testimony, document or thing, in accordance with Fed.R.Civ.P. 26.

      9.    **PARTIES' CLAIMS AND DEFENSES.**  Neither a party's designation of documents or testimony as **"*Confidential*"** under this Protective Order nor a party's failure to make or object to such designation shall be admissible in evidence, as a party admission or otherwise, to prove any fact relevant to any claim or defense asserted in this action.

10. **SURVIVAL.**  The restrictions on use of Confidential Information set forth in this Protective Order shall survive the conclusion of this litigation.

Dated August 14, 2009.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

**ACKNOWLEDGMENT**

I hereby acknowledge that I have been advised of the terms of the Protective Order entered in Crist v. Mesa Developmental Services Case No. 2009cv761, pending in the United States District Court for the District of Colorado have been provided with a copy of said Protective Order, have read and understand said Protective Order, agree to be bound by and to comply with the terms of said Protective Order, and agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of said Protective Order.

Dated: _____

_____

Printed Name: _____

Relationship to Lawsuit: _____

Address: _____

_____

_____

Telephone: _____