IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00761-PAB-BNB

GARY CRIST,

Plaintiff,

v.

MESA DEVELOPMENTAL SERVICES,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. # 36, filed 02/12/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

As a preliminary matter, the plaintiff purports to be proceeding *pro se*.[1] I must liberally construe pleadings of a *pro se* litigant. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the plaintiff's response to the defendant's Motion states that it was "prepared" by Julia Gruner, an attorney. *Plaintiff's Response to Defendant's Motion for Summary Judgment* [Doc. #43], p. 2 and *Brief in Support of Gary Crist's Opposition to Mesa Developmental Service's Motion for Summary Judgment* [Doc. #44] (the "Response"), p. 11.[2] The response further states that the "[p]reparer of document does not represent either party." Id.

---

[1] The plaintiff's Complaint and Jury Demand was filed while the plaintiff was represented by counsel. That counsel was permitted to withdraw on July 14, 2009 [Doc. #12]. No other counsel has entered an appearance on behalf of the plaintiff.

[2] The plaintiff filed a duplicate response on March 15, 2010 [Doc. #46].

"The unbundling of legal services has been expressly disapproved by this Court. See D.C.COLO.LCivR 83.4. This means that attorneys must appear in actions where they draft the pleadings. They may be disciplined if they do not. The party relying upon the ghost-written pleading may also be subject to sanctions under Fed.R.Civ.P. 11." Jachnik v. Wal-Mart Stores, Inc., No. 07-cv-00263-MSK-BNB, 2007 WL 1216523, at *1 n.2 (D.Colo. April 24, 2007). I caution Ms. Gruner and the plaintiff that any future limited representation by counsel, as evidenced in this case, may be grounds for sanctions against both the party and the attorney.

The plaintiff filed his Complaint and Jury Demand on April 3, 2009 (the "Complaint"). The Complaint asserts one claim for retaliation under Title VII, 42 U.S.C. § 20003-3(a). *Complaint*, p. 4.

The defendant seeks summary judgment on the plaintiff's claim arguing that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing an action in federal court under Title VII. Woodman v. Runyan, 132 F.3d 1330, 1341 (10th Cir. 1997).

Although the defendant's argument is couched in terms of exhaustion, the issue actually is whether the plaintiff timely filed a charge of discrimination with the EEOC. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Therefore, I analyze the Motion under the standard of review for a motion for summary judgment rather than Rule 12(b)(1), Fed.R.Civ.P. See Robinson v. Union Pacific R.R., 245 F.3d 1188, 1191 (10th Cir. 2001) (stating that a motion to dismiss for lack of subject matter jurisdiction must be brought

under Rule 12(b)(1) because "[s]eeking summary judgment on a jurisdictional issue ... is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits") (internal quotations and citation omitted).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment should be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 447 U.S. at

324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. UNDISPUTED MATERIAL FACTS

The following facts are undisputed:

1. Mesa Developmental Services ("MDS") is a non-profit organization that provides community based services and support for persons with developmental disabilities in Mesa County. *Motion*, p. 2, ¶ 1; *Response*, pp. 2-4.

2. The plaintiff began working for MDS in 1996. *Motion*, p. 2, ¶ 2; *Response*, pp. 2-4.

3. On February 26, 2007, the plaintiff filed Charge of Discrimination No. 541-2007-00553 against MDS (the "2007-Charge"). *Motion*, p. 3, ¶ 6; *Response*, pp. 2-4.

4. In the 2007-Charge, the plaintiff claimed that MDS discriminated against him because of his sex in violation of Title VII of the Civil Rights Act of 1964. *Motion*, p. 3, ¶ 7; *Response*, pp. 2-4.

5. On August 3, 2007, after receiving his right to sue letter from the EEOC regarding his 2007-Charge, the plaintiff filed a lawsuit against MDS. *Motion*, p. 3, ¶ 12; *Response*, pp. 2-4.

6. On August 30, 2007, MDS and the plaintiff settled that lawsuit. The plaintiff agreed to voluntarily dismiss all his claims, and MDS agreed that it would not pursue a claim for attorney fees against the plaintiff. *Motion*, p. 4, ¶ 14; *Response*, pp. 2-4.

7. The plaintiff's employment was terminated on or about January 15, 2008. Thereafter, the plaintiff contacted the EEOC to discuss filing a Charge of Discrimination against MDS. The plaintiff was planning to base the charge on his belief that MDS terminated his employment in

retaliation for filing the 2007-Charge. *Motion*, p. 5, ¶ 24; *Response*, pp. 2-4; *Complaint*, p. 4, ¶ 21.

8. On July 11, 2008, the EEOC sent the plaintiff an intake questionnaire and requested that he to complete it before his previously-scheduled EEOC meeting. The plaintiff did not submit a written intake questionnaire form as requested. Instead, he met with the EEOC in a telephone conference on August 8, 2008, and answered questions for an hour. *Motion*, p. 6, ¶ 25; *Response*, p. 3.

9. After the August 8, 2008, telephone conference, the EEOC sent the plaintiff a draft Charge of Discrimination No. 541-2008-02522 (the "2008-Charge"), which the plaintiff received a short time later. In the cover letter which accompanied the 2008-Charge, the EEOC told the plaintiff:

> Please find enclosed two copies of a Charge of Discrimination that were drafted based on the information that you provided to the Commission.
>
> To facilitate proper handling of this action you should:
>
> > 1. Review the enclosed Charge of Discrimination, make corrections as needed, and initial each change made.
> >
> > 2. Date and sign where indicated and return both copies of the Charge. The documents do not have to be notarized.
>
> * * *
>
> Please return your signed Charge as soon as possible. Charges of Employment Discrimination must be submitted within the time limits imposed by law (300 days of the alleged violation) in order to be considered timely filed with the Commission.
>
> Once your signed Charge has been received, it will be entered into our workload and a decision will be made by EEOC management as to how it will be processed.

*Motion*, p. 6, ¶ 26 and Ex. C, p. PLTF 0033; *Response*, pp. 2-4.

10. Subsequently, the plaintiff left numerous messages with an EEOC investigator to "finish" the 2008-Charge. He contacted the EEOC because "[the Charge] is a legal document. And before I put my name on it, I had a question about it. But I can't remember the exact question that I had on it." *Motion*, p. 6, ¶ 27 and Ex. B, 127:11-22; *Response*, p. 4.

11. The plaintiff never signed the 2008-Charge, nor did he return it to the EEOC. The EEOC never provided the plaintiff with a Notice of Right to Sue for the 2008-Charge. *Motion*, p. 6, ¶¶ 28, 30, *Response*, p. 4.

12. In December 2008, the plaintiff requested that the EEOC send him a Right to Sue letter regarding the 2008-Charge. *Motion*, p. 6, ¶ 29; *Response*, p. 4.

13. The EEOC prepared for the plaintiff the Charge of Discrimination No. 541-2009-00971 (the "2009-Charge") which contains the same allegations as the 2008-Charge. The plaintiff signed the 2009-Charge on December 30, 2008. *Motion*, p. 7, ¶ 30; Ex. C, PLTF 0090; Ex. C, PLTF 0167; *Response*, p. 4.

14. On January 7, 2009, the EEOC sent the plaintiff a Dismissal and Notice of Rights letter which states that he failed to timely file the 2009-Charge. The letter states: "Your charge was not timely filed with the EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *Motion*, p. 7, ¶ 31 and Ex. C, PLTF 0077; *Response*, p. 4.

## III. ANALYSIS

In Colorado, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); Castaldo v. Denver Public Schools, 276 Fed.Appx. 839, 841-42 (10th Cir. May 5, 2008) (recognizing that because Colorado is a state with an agency empowered to investigate employment discrimination, a complainant has 300 days rather than 180 days to file a charge of discrimination).

The alleged unlawful employment practice--termination in retaliation for filing the 2007-Charge--took place on January 15, 2008. The plaintiff had 300 days, or until November 10, 2008, to file his charge of discrimination. It is undisputed that the plaintiff did not "finish," sign, or return the draft 2008-Charge to the EEOC. It is also undisputed that the plaintiff did not sign the 2009-Charge until December 30, 2008. Therefore, absent tolling on the 2009-Charge, the plaintiff has failed to timely file a charge of discrimination prior to bringing this action.

The plaintiff argues that his August 8, 2008, telephone conference coupled with his attempts to contact the EEOC after the conference are actions that should be construed as the filing of a charge of discrimination.[3] *Response*, p. 4.

Title VII does not define "charge." The EEOC's regulations concerning Title VII provide that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2007). In addition, each charge should contain the following:

---

[3]In his Response, the plaintiff makes numerous assertions regarding the phone calls and letters to the EEOC. *Response*, p. 6. However, he does not provide any evidentiary support for those assertions. I do not consider factual statements that are not supported by evidence.

7

> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
>
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
>
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
>
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
>
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a) (2007).

A filing that omits some of the § 1601.12(a) information, however, may still constitute a charge: "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). In addition, "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein." Id.

In Federal Express Corp. v. Holowecki, 128 S.Ct. 1147 (2008), the Supreme Court held that "[i]n addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." "[T]he filing must be examined from the

8

standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." Id. at 1157-58.

On the record before me, it is not reasonable to construe the telephone conference and subsequent calls to the EEOC as a written filing which requests the EEOC to take remedial action. The plaintiff asserts that Holowecki and Holender v. Mutual Industries North, Inc., 527 F.3d 352 (3d Cir. 2008), support his argument. *Response*, p. 5-7. Holowecki and Holender are inapposite because, unlike the plaintiff, the complainants in Holowecki and Holender submitted to the EEOC written, signed documents requesting remedial action. Title VII requires the filing of a written charge of discrimination with the EEOC as a prerequisite to filing suit, and neither Holowecki or Holender support the plaintiff's argument that this statutory requirement may be excused or otherwise satisfied by an oral request for remedial action.

It is undisputed that the plaintiff filed a written, signed charge of discrimination regarding his retaliation claim sometime after December 30, 2008.[4] The EEOC dismissed the 2009-Charge as untimely. Thus, the plaintiff exhausted his administrative remedies regarding his retaliation claim. The question is whether the 2009-Charge was untimely or whether it is subject to an equitable exception.

"Courts have narrowly construed equitable exceptions to the time limitations set out in Title VII." Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996). In addition:

---

[4] The record shows only that the plaintiff signed the 2009-Charge on December 30, 2008. The record does not show when the signed charge was submitted to the EEOC.

> The Tenth Circuit has generally recognized equitable tolling of
> Title VII time limitations only if the circumstances of the case rise
> to the level of active deception which might invoke the powers of
> equity to toll the limitations period. For instance, equitable tolling
> may be appropriate where a plaintiff has been lulled into inaction
> by her past employer, state or federal agencies, or the courts.
> Likewise, if a plaintiff is actively misled, or has in some
> extraordinary way been prevented from asserting his or her rights,
> we will permit tolling of the limitations period.

Id. at 1267-68 (internal quotations and citations omitted).

The plaintiff does not argue that he is entitled to tolling on his 2009-Charge, and the undisputed material facts do not establish any basis for equitable tolling. To the contrary, it is undisputed that the EEOC notified the plaintiff that his charge of discrimination must be submitted within 300 days of the alleged violation in order to be considered timely.

The plaintiff complains that the EEOC is at fault because he placed many calls to the EEOC and to his EEOC investigator to ask a question, but the calls were not returned. However, the record does not contain any evidence as to who the plaintiff called; when the calls were made; the nature of his question; whether the question was material to his charge of discrimination; or why he ultimately signed a 2009-Charge of Discrimination that was identical to the 2008-Charge of Discrimination.

The plaintiff has failed to demonstrate that he is entitled to an equitable exception to the Title VII time limits on his 2009-Charge of Discrimination.

## IV.  CONCLUSION

I respectfully RECOMMEND that Motion be GRANTED and that summary judgment enter in favor of the defendant.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 29, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge