IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00761-PAB-BNB

GARY CRIST,

    Plaintiff,

v.

MESA DEVELOPMENTAL SERVICES,

    Defendant.

---

**ORDER ACCEPTING RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE AND GRANTING SUMMARY JUDGMENT**

---

This matter is before the Court on the recommendation of United States Magistrate Judge Boyd N. Boland, filed on July 29, 2010 [Docket No. 52] ("the Recommendation"). The Recommendation concludes that, because plaintiff failed to administratively exhaust in a timely manner, the defendant is entitled to summary judgment on plaintiff's sole claim for relief. The magistrate judge, therefore, recommends that the Court grant defendant's motion for summary judgment [Docket No. 36]. On August 27, 2010, plaintiff filed an objection [Docket No. 55] to the Recommendation. On September 10, 2010, defendant filed a response [Docket No. 56]. The Court concludes that the magistrate judge's findings of fact and conclusions of law are correct and, therefore, accepts the Recommendation and grants defendant's motion for summary judgment.

Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the

recommendation de novo.  *See* Fed. R. Civ. P. 72(b).  The Court has reviewed de novo the filings and the record in this case and concurs with the magistrate judge that plaintiff's Title VII retaliation claim is barred as untimely.  As the magistrate judge noted, "[i]n Colorado, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'" Recommendation at 7 (quoting 42 U.S.C. § 2000e-5(e)(1)); *see Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007) ("[T]he latest possible filing date is 300 days after the last allegedly unlawful act.").

The Court also agrees with the magistrate judge's assessment of plaintiff's attempts at administratively exhausting his claim.  First, plaintiff's 2008 efforts in exhausting his claim in front of the Equal Employment Opportunity Commission ("EEOC") failed to amount to a "charge" as that term is defined.  *See Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.").

Although plaintiff began the process of filing such a charge, he failed to pursue that charge to its completion.  In fact, plaintiff admits that he did not sign the 2008 "Charge of Discrimination" because he had some reservations and unanswered questions regarding it.  Although plaintiff believes that this hesitation weighs in his favor, it more aptly demonstrates the fact that even he believed the process to be unfinished.

2

He reports that he refused to sign the document because he feared its legal consequences. In other words, plaintiff admits that, in 2008, he did not want to file the charge, so he did not. As a result, to an objective observer, the reasonable interpretation of plaintiff's actions is that plaintiff was not requesting the agency to activate its machinery and remedial processes. *See Holowecki*, 552 U.S. at 402.

The magistrate judge also considered whether these facts permit the equitable tolling of the 300-day limitation, such that plaintiff's otherwise untimely 2009 charge regarding the same alleged retaliation would be timely. Noting the limited circumstances in which the doctrine is applied, the magistrate judge concluded that plaintiff's case does not warrant the tolling of the limitations period. *See* Recommendation at 9-10 (citing *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267-68 (10th Cir. 1996)). The Court agrees. Plaintiff may not rely on his unsubstantiated, generalized reports of his inquiries to the EEOC. *See Montes*, 497 F.3d at 1163. As the magistrate judge notes, the EEOC informed plaintiff of the 300-day deadline. Finally, any reservations that plaintiff had regarding the 2008 charge do not appear to be that serious; not only is plaintiff unable to recall what those reservations were, the charge he signed in 2009 appears to contain the same information as the one he refused to sign in 2008. Therefore, the Court agrees that plaintiff is not entitled to the equitable tolling of the 300-day limitations period.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 52] is ACCEPTED. Defendant's motion for summary judgment [Docket No. 36] is GRANTED. It is further

**ORDERED** that the Clerk of the Court shall forthwith enter judgment in favor of defendant Mesa Developmental Services and against plaintiff Gary Crist on plaintiff's sole claim for relief.

DATED September 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge